# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DALE BURNINGHAM and LANA BURNINGHAM, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | Case No. 2:17-cv-00092-JNP-PMW |
| WRIGHT MEDICAL GROUP, INC. and WRIGHT MEDICAL TECHNOLOGY, INC., | **District Judge Jill N. Parrish** |
| Defendants. | **Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Defendants Wright Medical Group, Inc. and Wright Medical Technology, Inc.'s (collectively, "Defendants") short form discovery motion,[2] and Plaintiffs Dale Burningham and Lana Burningham's (collectively, "Plaintiffs") two short form discovery motions.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not

---

[1] *See* docket no. 24.

[2] *See* docket no. 67.

[3] *See* docket no. 73, 75.

necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## LEGAL STANDARDS

Before addressing the above-referenced motions, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

## ANALYSIS

**I. Defendants' Short Form Discovery Motion**

Defendants seek a protective order forbidding the discovery sought in Plaintiffs' subpoena to a third party, MicroPort Orthopedics, Inc. ("MicroPort"). Defendants contend that MicroPort acquired Defendant Wright Medical Technology, Inc.'s ("WMT") OrthoRecon division in January 2014, which included the product lines of the components Plaintiff received. Defendants also contend that MicroPort's acquisition post-dates all of Plaintiffs' allegations in this case and that MicroPort's conduct is not implicated in this action. For those reasons,

Defendants contend that the discovery sought by Plaintiffs' third-party subpoena to MicroPort is not relevant and disproportionate.

In response, Plaintiffs argue that the discovery they seek is relevant and generally admissible. Plaintiffs also contend that Defendants have produced similar discovery in other matters but have refused to produce the same discovery in this action.

For the following reasons, the court agrees with Defendants' arguments and concludes that Plaintiffs' arguments are without merit. First, the court has determined that Plaintiffs' allegations concerning Defendants' production of similar information in other matters are entirely unpersuasive. Whether Defendants have or have not produced similar information in other matters has no bearing on the court's determination about whether Defendants should produce the discovery sought by Plaintiffs in this action. Instead, the court must focus on the claims and defenses in this action when determining relevance for purposes of discovery.

Second, Plaintiffs, through their third-party subpoena to MicroPort, are attempting to obtain information about conduct that is not implicated in this action and that post-dates any of Plaintiffs' allegations. The court concludes that such information is neither proportional to the needs of this action nor relevant to the claims and defenses in this action. *See* Fed. R. Civ. P. 26(b)(1).

For those reasons, this motion is granted. The court will not permit Plaintiffs to obtain the discovery sought by way of their third-party subpoena to MicroPort.

## II. Plaintiffs' Short Form Discovery Motions

### A. Plaintiffs' Motion to Compel

Plaintiffs seek a court order compelling WMT to produce documents and information concerning fracture events associated with the PPG Profemur modular neck device ("PPG neck"). Plaintiffs assert that the PPG neck was designed in 1985 by an orthopedic device manufacturer in Europe and that WMT purchased that manufacturer in 1999. In the discovery requests that are implicated in this motion, Plaintiffs seek information about the PPG neck from 1985 to the present. Plaintiffs argue that the discovery they seek is relevant to their claims for negligence and strict liability, as well as their request for punitive damages. Plaintiffs also argue that Defendants have been ordered to produce the discovery sought concerning the PPG neck in other state and federal matters.

In response, Defendants contend that Plaintiffs are seeking information related to a different product sold by a non-party entity in Europe in the 1980s and 1990s. Defendants also contend that WMT never manufactured or sold the PPG neck. Based upon those contentions, Defendants argue that the discovery sought by Plaintiffs is not proportional to the needs of this action and is not relevant to the claims and defenses in this action.

For the following reasons, this motion is denied. First, as indicated above, the court is unpersuaded by any arguments from Plaintiffs concerning whether Defendants were ordered to produce similar discovery in other matters. Again, the court must focus on the claims and defenses in this action when addressing relevance for purposes of discovery.

Second, the court concludes that the discovery requests that are the subject of this motion seek information that is not proportional to the needs of this action and is not relevant to the

claims and defenses in this action. *See* Fed. R. Civ. P. 26(b)(1). The court has determined that, on their face, the discovery requests are overly broad in terms of the time period for which they seek information and, therefore, they are not proportional. The court has also determined that the discovery requests seek information that is not relevant, as they request information related to a different product than the one that is the subject of this action and about events occurring in Europe in a time period stretching to over thirty years ago.

B. **Plaintiffs' Motion Regarding Requests for Admission**

Plaintiffs seek a court order declaring that Plaintiffs' requests for admission no. 1-3 are deemed admitted. In their requests for admission no. 1-3, Plaintiffs asked Defendants to admit that certain devices were implanted and that the same devices were the subject of device recalls.

In their responses to those requests for admission, Defendants admitted that the particular devices were implanted, but objected to the portion of the requests relating to whether the devices were the subject of recalls. One of those objections was that the requests for admission sought information pertaining to the actions of a third party over whom Defendants have no control.

In this motion, Plaintiffs argue that Defendants can neither dispute that the devices in question were implanted nor deny that those devices were the subject of recalls. Based upon that argument, Plaintiffs contend that their requests for admission no. 1-3 should be deemed admitted.

In response, Defendants argue that WMT did not recall the devices that are the subject of Plaintiffs' requests for admission no. 1-3. Instead, according to Defendants, those recalls were issued by a third party over whom Defendants have no control. Thus, Defendants argue, their objection in that regard is well taken.

5

The court agrees with Defendants' arguments. As Defendants correctly argue, Plaintiffs' requests for admission no. 1-3 are phrased in the passive voice with respect to the recalls and do not identify the party responsible for the recalls. The court concludes that, even if Defendants have some knowledge of recalls for the identified devices, they could not be expected to provide an admission for such vaguely phrased requests for admission. Accordingly, the court concludes that Defendants' objections to the portion of requests for admission concerning recalls are valid. Therefore, this motion is denied.

Plaintiffs seek an award of reasonable expenses incurred in connection with this motion. Given that the court has denied the motion, it logically follows that Plaintiffs are not entitled to such an award.

## **CONCLUSION AND ORDER**

In summary, IT IS HEREBY ORDERED:

1. Defendants' short form discovery motion[4] is GRANTED.

2. Plaintiffs' two short form discovery motions[5] are DENIED.

IT IS SO ORDERED.

DATED this 22nd day of May, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 67.

[5] *See* docket nos. 73, 75.